E-FILED
Wednesday, 20 May, 2020 11:01:29 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **DERICK BROWN, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 19-2020** |
| **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,** | |
| **Defendant.** | |

### ORDER

This matter is before the Court on the Motion for Entry of Partially Agreed Protective Order (#24) filed by Defendant, the Board of Trustees of the University of Illinois ("University"). Plaintiffs, Derick Brown, Atiba Flemons, and Jeffrey Taylor ("Plaintiffs"), filed a Memorandum in Opposition (#27). With leave of Court, the University filed a Reply (#29). For the reasons provided below, the University's Motion for Entry of Partially Agreed Protective Order (#24) is granted in part and denied in part.

### I.    Background

Plaintiffs filed their class action Complaint on January 28, 2019, alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII") and the Illinois Civil Rights Act of 2003, 740 ILCD 23/5 ("ICRA"). Plaintiffs allege the University has a policy of racial harassment and maintains a hostile work environment based on race and retaliation.

The University filed the instant Motion because the parties are unable to agree on language in their proposed protective order. The parties dispute the definition of the term "Confidential Information." The University seeks to include the two following categories of information as Confidential Information[1]:

---

[1] The parties agree to the remaining categories defined as Confidential Information.

(d) confidential employee records, files, and information including, but not limited to, internal investigative files and disciplinary records relating to or arising out of allegations of harassment, discrimination or retaliation;

(g) any information protected by statute, regulation, or applicable policy.

Plaintiffs propose the following alternative language:

(d) confidential employee records, files, and information except that Confidential Information shall not include documents that relate to harassment, discrimination or retaliation for complaining about same, investigative files and disciplinary records relating to or arising out of allegations of harassment, discrimination or retaliations (collectively "Discrimination Materials"), even if such documents or information are maintained in employee records or files. **Prior to disclosure or use by the recipient of Discrimination Materials, or information derived from such documents, the names, addresses, phone numbers, dates of birth, or other personally-identifying information shall be redacted by the recipient and not disclosed.**

## II.   Legal Standard

Under Rule 26(c), "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Rule 26(c) goes on to provide, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"The party moving for a protective order must establish that good cause exists to enter the protective order." *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. 2011). "Factors that determine whether good cause exists include 'privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official.' " *Id.* (quoting *Wiggins v. Burge*, 173 F.R.D. 226, 229

2

(N.D. Ill. 1997)). "Good cause depends on those and other factors according to the facts and circumstances in each specific case." *Id.*

The dispute over confidential information relates to discovery materials that are not filed with the court. The court treats documents not filed with the court differently from those filed with the court. "[W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery." *Id.* (emphasis in original).

## III.   Analysis

Plaintiffs served the University with requests for all files relevant to the University's investigation into complaints of race discrimination by African-American employees from January 1, 2014, to the date this Complaint was filed. Plaintiffs' request is based on their allegation that the University created a system-wide hostile work environment in that the University's "standard operating practice is racial harassment of class members" including an "express written policy of allowing racial harassment unless it is 'sufficiently severe or pervasive,' 'objectively offensive,' and 'unreasonably interferes with, denies, or limits a person's ability to participate or benefit from employment opportunities, assessments or status at the University.' " Plaintiffs' Complaint, #1, ¶ 47. Plaintiffs further allege that "Human Resources, ODEA, and senior UIUC leadership have a practice of avoiding finding that racial harassment constitutes a violation of its Nondiscrimination Policy."

The University has agreed to produce all files relevant to the University's investigation into complaints of race discrimination by African-American employees dating back to January 1, 2014. But, the University wants to include these documents within the definition of confidential information under the parties' protective order. Plaintiffs suggest alternative language that would allow these documents to be public,

but Plaintiffs would redact the names, addresses, phone numbers, dates of birth, or other identifying information upon their receipt.

In sum, the parties agree that the University should produce the files of the University's past investigations into complaints of racial discrimination, but they disagree as to whether these discovery responses should be deemed confidential under the protective order.

The Court finds the University has shown good cause for the inclusion of employee files as confidential information to protect third parties from annoyance, embarrassment, and oppression. The University files contain confidential employee information of non-parties. The privacy interests of non-parties weigh more heavily than do the privacy interests of the parties. *Ezell v. Potter*, 2006 WL 1094558, at *2 (N.D. Ind. March 16, 2006). Additionally, redacting the information suggested by Plaintiffs does not adequately protect the privacy interests of the employees. The files at issue contain information from Human Resource interviews taken during investigations of complaints of race discrimination. The University notes that in many of its departments, there are only a few African-American employees and the relevant employee would be easily discernible even with the name and other identifying information redacted.

While the burden is on the University to show that good cause exists for the protective order, the Court notes that Plaintiffs have not shown a compelling need for these internal records to be available to the public. Many of Plaintiffs' arguments relate to the relevance of the records to the instant case. However, the relevance of the records is not at issue here. The University has agreed they are relevant and to disclose them.

Plaintiffs argue that there is a compelling public interest of the media and civil rights organizations in these internal records. But when considering a protective order applying to discovery materials not filed with the Court, the Court considers the importance of disclosure to Plaintiffs, the potential harm to Defendants, and privacy interests of impacted third parties. *See Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. 2011); *Ezell v. Potter*, 2006 WL 1094558, at *2 (N.D. Ind. March 16, 2006). Indeed, the public does not have a presumptive right to access unfiled documents exchanged in

discovery. *Bond*, 585 F.3d at 1073. Plaintiffs argue generally that there is a presumption of public access to discovery materials. (Plaintiff Br. #20., p. 17) (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). But, in *Citizens First National Bank*, the Seventh Circuit noted that the public's interest in judicial proceedings applies to filed documents, not the pretrial discovery stage.

Furthermore, Plaintiffs maintain that the alleged embarrassment or harm must be "particularly serious." The cases Plaintiffs cite in support of this position come from districts outside the Seventh Circuit. *See Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995); *Shingara v. Skiles*, 420 F.3d 301, 307 (3rd Cir. 2005). In contrast, the Northern District of Illinois has allowed a protective order when there was a showing of an arguable privacy interest and "some potential for harassment or embarrassment." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 423 (N.D. Ill. 2011). Because the University has shown that their third-party employees are likely to face annoyance, embarrassment, and oppression without the protective order, the Court finds good cause for the inclusion of confidential employee records within the definition of confidential information.[2]

The University's proposed protective order also includes "any information protected by statute, regulation, or applicable policy" within the definition of confidential information. However, neither the University's Motion, nor its Reply, include any argument as to a good faith basis for including information protected by "statue, regulation, or applicable policy" as confidential. Information protected by statute or regulation maintains that protection regardless of the parties' protective order, and the University does not need to provide a separate basis for its protection. Accordingly, any information protected by statue or regulation is included within the definition of "confidential information." At the same time, the University failed to develop its argument or show good cause as to its request to include information protected by

---

[2] Plaintiffs argue that summaries and compilations of the University's relevant complaints should not be subject to the protective order. The University does not mention summaries or compilations in its Motion for Protective Order, nor in its Reply. It does not claim that its summaries or compilations include private third-party identifying information. Accordingly, the Court finds that the University did not seek a protective order as to compilations and summaries.

applicable policy as confidential information. *See Colburn v. Trustees of Indiana University*, 973 F.2d 581, 593 (7th Cir. 1992) (finding that a "perfunctory argument" does not preserve a claim and that it is not the court's role to "scour the record in search of factual or legal support" for the claim). Therefore, the University's Motion to include information protected by statute and regulation as confidential information is granted, but the Motion to include information protected by applicable policy as confidential information is denied.

## IV.    Conclusion

For these reasons, the University's Motion for Protective Order (#24) is granted in part and denied in part. To be clear, this ruling applies only to the protective order governing the exchange of documents during discovery. The parties are directed to file a signed protective order consistent with this Order within 14 days.


ENTERED this 20th day of May, 2020.

_____
                s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE