## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| DERICK BROWN, ATIBA FLEMONS, and JEFFREY TAYLOR<br><br>On behalf of themselves and all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>**Defendant.** | 2:19-cv-02020-JBM-EIL<br><br>The Hon. Joe Billy McDade<br>Magistrate Judge Eric I. Long |

### DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER OF MAY 26, 2022

By its Order of May 26, 2022, this Court directed the parties to discuss the potential impact of the Court's recent decision in *Kainz v. Illinois Department Corrections*, 1:21-cv-01250 (Dkt. 88) ("*Kainz* Order") on (1) the Plaintiffs' claims under the Illinois Civil Rights Act of 2003, 740 ILCS 23/5 ("ICRA"); and (2) Plaintiffs' Motion for Class Certification. The University now responds as follows:

Plaintiffs' claims brought under ICRA fail as a matter of law pursuant to both the holding and the logic of the *Kainz* Order. In *Kainz,* this Court held that Illinois law "mandates" that claims of "discrimination in the government employment context…be brought under the IHRA rather than ICRA." *Kainz* Order, at 20. Plaintiffs' Amended Complaint violates this mandate by asserting claims of discrimination in the government employment context under ICRA, rather than the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*., ("IHRA"). Consequently, applying the holding in the *Kainz* Order to this case requires dismissal of Plaintiffs' remaining ICRA claims.[1]

---

[1] Two of Plaintiffs' remaining four claims are ICRA claims, Count II (Hostile Work Environment – ICRA) and Count

-1-

The effect of the Court's order on Plaintiffs' Motion for Certification, Dkt. 58, similarly straightforward. Because both Plaintiffs and members of their putative class cannot bring individual ICRA claims for employment discrimination, neither can they bring them on a class basis.

Plaintiffs are unlikely to deny the foregoing, but may instead request an opportunity to re-plead in light of the Court's decision in *Kainz*. If Plaintiffs request leave to amend their complaint to add IHRA claims, their request should be denied.[2] *First*, Plaintiffs have no viable IHRA claims. As the Court pointed out in the *Kainz* Order, IHRA, unlike ICRA, "requires administrative exhaustion before justice may be sought in a court of law." *Kainz* Order, at 19 (citing 775 ILCS 5/7A-102, 8-111(D)). Plaintiffs have not—to Defendant's knowledge—pursued any claims before the Illinois Department of Human Rights, which is required prior to pursuing a civil suit under IHRA. See 775 ILCS 5/7A-102(A). And Plaintiffs are barred from raising IHRA claims now given that they received confirmation of EEOC's determinations on their charges over three years ago. *See* 775 ILCS 5/7A-102(A-1)(1); *Flaherty v. Gas Rsch. Inst.*, 31 F.3d 451, 459 (7th Cir. 1994) (affirming dismissal of IHRA claim and Rule 11 sanctions on counsel for bringing IHRA claims in a civil suit without first "exhaust[ing] administrative remedies under the [IHRA]").

*Second,* Plaintiffs cannot evade the legal and factual flaws in their proposed class by pivoting from the ICRA to IHRA. The flaws identified by the University in its Opposition, Dkt. 65, and Surreply, Dkt. 70-1, concerning Plaintiffs' Title VII claims apply equally to any hypothetical IHRA claim. As the Court pointed out in the *Kainz* Order, "IHRA [was] enacted to provide rights and remedies parallel to those in Title[] … VII of the Civil Rights Act." *Kainz* Order at 14; *see also Zaderaka v. Ill. Hum. Rts. Comm'n*, 131 Ill. 2d 172, 178 (1989) (evaluating

---

IV (Retaliation – ICRA). That said, in Plaintiffs' Reply, Dkt. 69-01, Plaintiffs disclaimed their hostile work environment class theory, ostensibly including ICRA, in favor of a disparate treatment theory which Plaintiffs waived nearly three years ago. *See* Dkt. 18.

[2] If Plaintiffs move to amend their complaint to add IHRA claims, the University reserves its right to fully brief the Court in opposition to that motion at the time.

IHRA claim under Title VII legal standards); *Bd. of Trs. of S. Ill. Univ. v. Knight*, 163 Ill.App.3d 289, 294 (5th Dist. 1987) ("In analyzing claims of discrimination under the [IHRA], Illinois courts have looked to the standards applicable to federal claims brought under Title VII.").

Importantly, unlike in *Kainz* where the Court reviewed allegations at the pleading stage, the Plaintiffs here have had multiple years of discovery to develop the record upon which they now rely. This is the precise opposite of the Plaintiffs in *Kainz*. Here, Plaintiffs have now had an opportunity to "engage in discovery and mount their case for class certification at an appropriate stage of these proceedings." *Kainz* Order, at 6. Despite this, there is no evidence, either direct or circumstantial, that any University official intentionally discriminated against any class member as Plaintiffs now contend in their motion.

*Finally,* allowing Plaintiffs to assert claims under IHRA at this late stage in the proceedings would be unduly delayed and prejudicial to the University, coming over three years into this litigation—and after the close of more than two years of discovery. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (affirming a district court's denial of a motion to amend when the litigation approached the two-year mark).

## CONCLUSION

WHEREFORE, in light of this Court's decision in *Kainz,* the Court should find that Plaintiffs' ICRA claims are barred as a matter of law and that Plaintiffs cannot plead viable claims under IHRA. Plaintiffs, therefore, have no viable state-law claims left in this litigation. There is no also basis for class certification under Illinois law. To the extent Plaintiffs argue that *Kainz* provides a basis for class certification under federal law—which the University does not expect—the University would request the opportunity to respond to any such argument.

//
//
//
//
//

//
//
//
//
//

Dated: June 9, 2022

Respectfully submitted,

**DEFENDANT:**
**THE BOARD OF TRUSTEES OF THE**
**UNIVERSITY OF ILLINOIS**


By: /s/ *Christopher B. Wilson*
   One of Its Attorneys

Christopher B. Wilson
James A. Kilcup
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Tel: (312) 324-8400
Fax: (312) 324-9400
cwilson@perkinscoie.com
jkilcup@perkinscoie.com