IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DERICK BROWN, ATIBA FLEMONS, and JEFFREY TAYLOR<br><br>On behalf of themselves and all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS<br><br>**Defendant.** | 2:19-cv-02020-JBM-EIL |

**PLAINTIFFS' MEMORANDUM OF LAW
IN RESPONSE TO THE COURT'S MAY 26, 2022, TEXT ORDER**

Plaintiffs Derick Brown, Atiba Flemons, and Jeffrey Taylor, on behalf of themselves and all others similarly situated ("Plaintiffs"), respectfully submit this memorandum of law pursuant to the Court's Text Order of May 26, 2022, and Defendant's Memorandum of Law, dkt. 71, concerning the effect of the Court's recent decision in *Kainz v. Illinois Department Corrections*, 1:21-cv-01250 (Dkt. 88) ("*Kainz* Order") on (1) Plaintiffs' claims under the Illinois Civil Rights Act of 2003, 740 ILCS 23/5 ("ICRA") and (2) Plaintiffs' motion for class certification.

Plaintiffs take no position as to the Court's interpretation of the ICRA and its ruling concerning the limitations of that statute, as set forth in the *Kainz* Order, but submit that the Court's potential disposition of their claims under ICRA does not affect their motion for class certification under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiffs do note that unlike the defendants in *Kainz*, Defendant has not raised preemption at any point in this litigation. *See Kainz* Order, at 13 ("Multiple courts, including this Court, have

assessed employment discrimination claims under the ICRA without specifically analyzing whether the Act actually encompasses employment discrimination; notably, those cases did not involve the preemption argument raised here."). In addition, *Kainz* was decided on a motion to dismiss, in contrast with the procedural posture here, a motion for class certification where no dispositive motion is pending. Thus, the Court's determination to dispose of Plaintiffs' claims under ICRA in adherence to its interpretation of ICRA and the Illinois Human Rights Act ("IHRA") at the class certification stage of the litigation, where Defendant has not previously argued preemption, must be a matter of "promot[ing] efficiency as well as several other policy goals." *Id.* at 4 n.4.

Even if the Court *sua sponte* dismisses Plaintiffs' claims under ICRA, Plaintiffs' claims under Title VII survive, and their motion for class certification pursuant to their Title VII claims remains unaffected. The factual underpinnings of Plaintiffs' motion for class certification are without regard to whether the class claim is brought under Title VII or ICRA, the merits of which are not at issue. Thus, the Court's potential disposition of Plaintiffs' class claim under ICRA has no impact on their class claim under Title VII.

Plaintiffs will not move to amend their Complaint to plead claims under IHRA, should the Court dismiss their ICRA claims, as Defendant suggests. *See* Dkt. 71 at 2-3. Rather, the lawsuit will proceed under Title VII alone.

Dated: June 23, 2022
       Mamaroneck, New York

                                         Respectfully Submitted,

                                         By: /s/ Shilpa Narayan
                                         Joshua Friedman
                                         Rebecca Houlding
                                         Shilpa Narayan
                                         Jesse Centrella

**FRIEDMAN & HOULDING LLP**
1050 Seven Oaks Lane
Mamaroneck, NY 10543
Tel: 888.369.1119 x 11
Fax: 866.731.5553
shilpa@friedmanhouldingllp.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DERICK BROWN, ATIBA FLEMONS, and JEFFREY TAYLOR<br><br>On behalf of themselves and all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS<br><br>**Defendant.** | 2:19-cv-02020-JBM-EIL |

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: June 23, 2022
       Mamaroneck, New York

                                      Respectfully Submitted,

                                      By: /s/Shilpa Narayan
                                           Shilpa Narayan