## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| DERICK BROWN, ATIBA FLEMONS, & JEFFREY TAYLOR, *on behalf of themselves and others similarly situated,* )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, )<br><br>Defendant. ) | Case No. 2:19-cv-02020 |

## **ORDER**

In light of this Court's recent decision in *Kainz v. Ill. Dep't of Corr.*, 1:21-cv-01250, Doc. 88, the Court directed the parties to submit briefing as to whether that holding has any effect on Plaintiffs' claims under the Illinois Civil Rights Act (ICRA) or the memoranda on the pending Motion to Certify Class. The parties submit the holding has no effect on their respective positions on class certification. As to Plaintiffs' ICRA claims, however, Defendant argues the Court's holding in *Kainz*—that employment discrimination claims against the Illinois government must be brought under the Illinois Human Rights Act (IHRA) rather than the ICRA—forecloses those claims. (Doc. 71). "Plaintiffs take no position as to the Court's interpretation of the ICRA and its ruling concerning the limitations of that statute[.]" (Doc. 72 at 1). Though, they do make two observations. First, they note *Kainz* was decided at the dismissal stage rather than the class certification stage. (Doc. 72 at 2).

Second, they note Defendant did not raise the preemption question that resulted in the *Kainz* holding. (Doc. 72 at 1–2).

The Court has the ability to *sua sponte* raise the question whether a legally deficient claim ought to be dismissed. *See Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at *2 (7th Cir. Oct. 26, 2021)*; Olrich v. Kenosha Cnty.*, 825 F. App'x 397, 400 (7th Cir. 2020). Plaintiffs' observations do not militate against dismissal. Given the relative novelty of the Court's holding in *Kainz*, Defendant's failure to raise a preemption defense earlier in this litigation is of no moment, particularly as the Court is not bound by waiver or concession on issues of law. Moreover, the stage of the proceedings bears no relevance to whether Plaintiffs' claims are legally cognizable under the ICRA. In consideration of the parties' briefing and the Court's holding in *Kainz*, the Court finds Plaintiffs' ICRA claims must be dismissed. This case will proceed solely on the Title VII claims.

IT IS THEREFORE ORDERED that Plaintiffs' claims under the Illinois Civil Rights Act (ICRA) are DISMISSED WITH PREJUDICE insofar as they are raised under the ICRA; Plaintiffs may separately pursue their claims under the Illinois Human Rights Act if that avenue remains open to them. Additionally, given the volume of the materials attendant to the Motion to Certify Class, the Parties are DIRECTED to promptly tender two courtesy copies of their respective materials to the undersigned's chambers.

SO ORDERED.

Entered this 20th day of July 2022.

                                                             s/ Joe B. McDade
                                                             JOE BILLY McDADE
                                      United States Senior District Judge