# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DERICK BROWN, ATIBA FLEMONS, and JEFFREY TAYLOR<br><br>Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>Defendant. | Case No. 2:19-cv-02020-JBM-EIL<br><br>Honorable Joe Billy McDade<br><br>Magistrate Judge Eric I. Long |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF JEFFREY TAYLOR'S CLAIMS

Defendant the Board of Trustees of the University of Illinois (the "University"), by and through its undersigned counsel, respectfully requests the Court grant summary judgment in favor of the University and dismiss Plaintiff Jeffrey Taylor's claims pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). The basis for the University's request is set forth below and in the Memorandum of Law and Statement of Undisputed Material Facts filed concurrently herewith and incorporated herein by reference.[1]

1. Plaintiff Jeffrey Taylor asserts claims for hostile work environment (Count I) and retaliation (Count III) under Title VII of the Civil Rights Act of 1964.

2. Taylor's hostile work environment claim fails as a matter of law. The undisputed evidence establishes that Taylor's complained-of conduct was not severe or pervasive to establish

---

[1] The University is also moving for summary judgment as to Plaintiffs Derick Brown's and Atiba Flemons' remaining claims. Given the number of undisputed material facts common to all Plaintiffs, the University has filed one Statement of Undisputed Material Facts that applies to all three Motions for Summary Judgment. In each supporting Memorandum of Law, the University identifies the specific material facts applicable to that respective Plaintiff's claims, per Local Rule 7(D)(1)(b).

1

a hostile work environment claim. Taylor relies on a series of interactions with his supervisor that were race neutral. The remainder of his race-based allegations include supposedly racially-charged activity not directed at him or that he did not see or hear himself. Even if Taylor could somehow establish he was subjected to a pattern of severe and pervasive racial harassment, his claim fails because the evidence demonstrates the University took adequate and reasonable steps to address Taylor's complaints.

3. Taylor's retaliation claim also fails as a matter of law. Taylor fails to identify a single materially adverse action. Taylor also fails to establish a causal connection between any alleged action and his protected activity.

**WHEREFORE**, for these reasons and those set forth in the Memorandum of Law and Statement of Undisputed Material Facts, the University respectfully requests that the Court enter an order granting summary judgment in favor of the University as to Plaintiff Jeffrey Taylor's claims (Counts I and III) and issue any other just and equitable relief it deems proper.

Dated: April 3, 2023                                              Respectfully Submitted,

**DEFENDANT THE UNIVERSITY OF ILLINOIS**

By:    */s/ Christopher B. Wilson*
          One of Its Attorneys

Christopher B. Wilson
Jonathan R. Buck
**PERKINS COIE LLP**
110 North Wacker, Suite 3400
Chicago, IL 60606-1511
Tel: (312) 324-8400
Fax: (312) 324-9400
cwilson@perkinscoie.com
jbuck@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Christopher B. Wilson, certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

By: */s/ Christopher B. Wilson*_____